### THOMPSON *et al.* v. AMERICAN BANK-NOTE Co.

*(Circuit Court, S. D. New York. June 28, 1889.)*

PATENTS FOR INVENTIONS—STAPLE-DRIVING MACHINE—INFRINGEMENT.

Complainants' patent was a combination of an inclined and retreating anvil to sustain the wire of a staple while being bent, and to sustain the staple while being driven, with the bender-foot and driver, in a wire-stapling machine. The bender-foot boxed the prongs of the staples on all but their inner sides, while the inclined and retreating anvil filled the space between the prongs, retreating from the crown as it was driven, and thus the prongs were supported at all points while being driven. *Held* infringed by a machine in which the anvil was the same in shape and operation except that it did not fill the space between the prongs entirely to the crown, where support was unnecessary.

In Equity. On bill for infringement of patent.
*Horace Barnard*, for complainants.
*H. D. Donnelly*, for defendant.

WHEELER, J. The patent in this case was before this court in *Thompson* v. *Gildersleeve*, 34 Fed. Rep. 43, and the validity of the third claim was there sustained. It was again before this court, on the same question of infringement that is here now, in *Thompson* v. *Bank-Note Co.*, 35

Fed. Rep. 203. On account of doubts expressed in other cases, as to whether the device in question is an infringement of the combination of that claim, the matter has been fully heard and considered again now. *Thompson* v. *Supply Co.*, 38 Fed. Rep. 112. That combination is of an inclined and retreating anvil, so called, to sustain the wire of the staple while being bent, and to support the staple while being driven, with the bender-foot and driver, in a wire-stapling machine, operating substantially as described. By the operation of these parts, wire staples are bent and driven through the material being stapled, without having holes first punched for the prongs of the staples. This had not been done before this invention. The bender-foot and driver, operating as in former machines, are here without question. The presence of the inclined and retreating anvil of the combination only is denied. The bender-foot boxed the prongs of the staples on all but their inner sides, and prevented their crippling in any other direction. The inclined and retreating anvil of the patent, after supporting the wire for bending by the bender-foot, by filling the space between the prongs, and retreating out of the way of the crown as the staples are driven home by the driver, supports the prongs on their inner sides, and prevents their crippling in that direction. Thus the prongs of staples of very slender wire are steadied in place and driven into the material. This invention underlies the use of the anvil for this purpose, and covers all forms of it based upon the invention. *Railway Co.* v. *Sayles*, 97 U. S. 554. In the machine of *Thompson* v. *Gildersleeve* the anvil was in two parts, one for supporting the wire while being bent and the other for supporting the prongs while being driven. Both were inclined in shape, and one retreated in one direction after supporting the wire in being bent, and the other retreated in the opposite direction, supporting the prongs as it went, both making room for the crown of the staple. Together these two parts constituted the inclined and retreating anvil of the patent, different in form, but accomplishing the same result in the same way. In the machine of this case now in question, the part of the anvil which supports the wire while being bent is precisely the same in shape and operation. The other part fills the space between the prongs in width, and supports them on their inward sides, and prevents them from crippling in that direction in precisely the same manner, and retreats out of the way of the crown of the staple in the same way. It does not fill the whole space between the prongs of the staple in height to the crown, and does not support the prongs in that place while being driven. Support in that place is not necessary, and this difference appears to be wholly immaterial. All the support against inward crippling of the prongs furnished is by the same means, operating in substantially the same way. This is none the less an infringement, because more support is not furnished, especially when all that is useful is furnished. The conclusion reached, after going over the whole ground again, is the same as that reached before.

Let there be a decree for a continuance of the injunction, and for an account, with costs.